## No. 18,524.

DOROTHY M. MARUCA *v.* HUNTER & PRESBA, INC., ET AL.

(344 P. [2d] 968)

Decided October 13, 1959.

Mr. H. D. REED, for plaintiff in error.

Mr. MARTIN C. MULHOLM, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFF in error, Dorothy M. Maruca, who was plaintiff below, entered into a purchase and sale contract for the acquisition of a liquor store. Pursuant to the

terms of this contract she paid the defendants the sum of $1,000.00 as a deposit. The contract provided *inter alia* that the payment was conditioned and contingent upon the plaintiff being able to obtain three things: (1) necessary liquor licenses, (2) assignment of the existing lease, and (3) a $10,000.00 loan upon certain real property she owned at 3228 West Scott Place, Denver, Colorado. Upon the failure of any of these conditions the agreement was to become null and void, and her deposit returned to her.

After the execution of the agreement plaintiff had her property appraised for loan purposes by three different lending agencies, two of which would not make the required loan for as much as $10,000.00. The third appeared willing to do so if she was a qualified borrower *after* she made application therefor. Plaintiff then became ill and failed and refused to make the necessary application for the loan though urged to do so by defendant Hunter.

Plaintiff next demanded return of her deposit and upon refusal brought this action to recover it plus damages. She alleged that she had been unable to obtain the required loan of $10,000.00. Defendants' answer denied this allegation and affirmatively set out that the required loan was made available but that plaintiff refused to go to the lender's office and also refused to sign the papers prepared for her, requesting the transfer of the licenses and the lease.

Trial was had to the court on the issues presented. Plaintiff seeks reversal of the adverse judgment, which was based upon an oral finding that plaintiff had not sustained the burden of proof.

On this writ of error it is urged that:

1. The purchase and sale agreement is vague, indefinite and uncertain and thus not binding.

2. In effect that the $10,000.00 loan could not be procured or if procurable was not on the contract terms.

3. The evidence is undisputed that the contract con-

452

tingencies were not complied with so plaintiff is excused from performance.

The first ground cannot be considered because it is first raised on this writ of error. On the second ground the trial court found, with propriety, from the record that plaintiff had failed to carry the burden of proof required of her; i.e., she did not prove reasonable diligence or good faith in attempting to procure the loan. The third point is a pure *non sequiter* for the mere non-performance of the three contingencies dependent in large measure upon plaintiff's cooperation could not alone excuse her failure to act in good faith.

The findings and judgment being supported by competent evidence will not be disturbed on review.

The judgment is affirmed.

MR. JUSTICE DOYLE not participating.